**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN SHARP,<br><br>    Plaintiff,<br><br>    v.<br><br>MOBILOANS, LLC,<br><br>    Defendant. | Case No. 4:18-cv-07174<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, SHAWN SHARP, through counsel, WAJDA LAW GROUP, APC, complaining of MOBILOANS, LLC, as follows:

## NATURE OF THE ACTION

1.   This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. SHAWN SHARP ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. MOBILOANS, LLC ("Defendant") is a foreign limited liability company with a principal place of business in Marksville, Louisiana.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a "creditor" as defined by Cal. Civ. Code § 1788.2(i).

11. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 6550.

13. At all times relevant, Plaintiff's number ending in 6550 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. In 2017, Plaintiff obtained a short-term, unsecured loan from Defendant.

16. In 2018, Plaintiff's wife obtained a short-term, unsecured loan from Defendant.

17. On information and belief, Plaintiff's wife provided Plaintiff's number ending in 6550 on her loan application.

18. Plaintiff's loan is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

19. Plaintiff's wife's loan is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

20. Plaintiff defaulted on his loan.

21. Plaintiff's wife defaulted on her loan.

22. In October 2018, Plaintiff fell subject to Defendant's collection call campaign as it attempted to collect on these loans.

23. Almost immediately, Plaintiff answered and was greeted by clear pause prior to being connected to Defendant's representative.

24. Plaintiff politely requested that Defendant stop calling.

25. Despite Plaintiff's request, Defendant continued to call Plaintiff's cellular telephone.

26. On October 24, 2018, Plaintiff answered and was greeted by clear pause prior to being connected to Defendant's representative.

27. Plaintiff renewed his previous request that Defendant stop calling.

28. Despite Plaintiff's request, Defendant continued to call Plaintiff's cellular telephone.

29. Altogether, Defendant called Plaintiff's cellular telephone on no less than 76 occasions from October 19, 2018 to November 19, 2018.

## DAMAGES

30. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

31. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress,

mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Defendant placed or caused to be placed no less than 76 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

34. Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

35. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

36. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

37. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

38. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

  B.  an order enjoining Defendant from placing any further calls to Plaintiff's cellular telephone number ending in 6550 in the future;

  C.  an award of statutory damages of at least $500.00 for each and every violation;

  D.  an award of treble damages of up to $1,500.00 for each and every violation; and

  E.  an award of such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.11

40. California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

  (d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or

  (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

41. Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e) by called Plaintiff's cellular telephone on no less than 76 occasions from October 19, 2018 to November 19, 2018

42. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d) and (e) pursuant to Cal. Civ. Code § 1788.30 which provides:

  (a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: November 27, 2018                                        Respectfully submitted,

**SHAWN SHARP**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com